UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN ORRAND,

    Plaintiff,

v.                                                        Case No.: 8:23-cv-2338-TPB-SPF

TCF ELECTRIC LLC,

    Defendant.
_____/

## ORDER ENTERING DEFAULT AGAINST TCF ELECTRIC LLC

This matter is before the Court *sua sponte*. On February 22, 2024, counsel for Defendant TCF Electric LLC filed an unopposed motion to withdraw, stating that Defendant's corporate form had been dissolved, and the former president of Defendant asked her to withdraw as counsel. (Doc. 19). The Court granted the motion and directed Defendant to retain counsel on or before March 22, 2024. (Doc. 21). Defendant did not retain counsel by the deadline. On March 25, 2024, Plaintiff Stephen Orrand filed a motion for default against Defendant. (Doc. 24). Defendant has not responded to this motion, and the deadline to do so has expired.

## Legal Standard

Under Federal Rules of Civil Procedure 16(f) and 37(b)(2), the Court may sanction a party for failing to obey a pretrial order, including by striking an offending party's pleading(s) in whole or in part, and "rendering a default judgment against the disobedient party." *See, e.g.*, *Broadcast Music, Inc. v. MBratta Enter., Inc.*, No. 2:14-cv-125-FtM-29CM, 2015 WL 3765200, at *2-3 (M.D. Fla. June 16, 2015) (striking defendant's answer and entering default for failing to retain counsel). While default is

generally disfavored, it is appropriate where the offending party's "noncompliance is due to willful or bad faith disregard of court orders." *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008) (quoting *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 15432 (11th Cir. 1985)). In order to impose this sanction, "[t]he district court must find that less drastic sanctions would not be equally effective in achieving compliance with the court's orders. *Id.* (citing *Adolph Coors Co.*, 777 F.2d at 1543). As such, the Court possesses the authority to enter default and default judgments based on a party's failure to comply with its orders or rules of procedure. *See Suarez v. Don Pan Tampa*, No. 8:11-cv-2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011).

## Analysis

A review of the docket shows that Defendant has been given ample opportunity to retain counsel. *See* (Doc. 21); M.D. Fla. Local R. 2.02. Defendant has failed to do so. Defendant also has failed to respond to Plaintiff's motion seeking default.

In similar circumstances, other courts in the Middle District of Florida have stricken a defendant's pleadings and directed the clerk to enter a default against a corporation for failure to timely retain counsel. *See, e.g.*, *Broadcast Music*, 2015 WL 3765200, at *2. Here, the Court finds that Defendant has demonstrated a willful and bad faith disregard in failing to comply with the Court's Orders, and that there is no less drastic sanction that would be effective in achieving compliance with these Orders. Accordingly, the Court directs the Clerk to (1) strike Defendant's motion to dismiss (Doc. 12), and (2) enter default against Defendant.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The Clerk of Court is directed to **STRIKE** "Defendant's Amended Motion to Dismiss Complaint, Including Claim for Injunctive Relief and to Specifically Strike Claim for Punitive Damages and Incorporated Memorandum of Law" (Doc. 12).

2. The Clerk of Court is further directed to **ENTER DEFAULT** against Defendant TCF Electric LLC.

3. Plaintiff is required to file a motion for default judgment on or before May 7, 2024.

4. "Plaintiff's Motion for Default" (Doc. 24) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of April, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE